EX PARTE WILLIAM SMITH.

No. 3528.   Decided May 15, 1907.

**Habeas Corpus—City Ordinance—General Incorporation Act—Nuisance—Constitutional Law.**

A city ordinance inhibiting the sale of whisky within certain prescribed limits under the general incorporation act is void, and could not be enacted and enforced under the provision authorizing cities under the general incorporation act to abate nuisances.

Appeal from the County Court of Orange.   Tried below before the Hon. W. J. Wingate.

Appeal from a habeas corpus proceeding for release from arrest upon a charge of selling spirituous, vinous and malt liquors in the residence district of the City of Orange.

The opinion states the case.

*J. B. Bisland,* for appellant.—A municipal corporation can exercise no power not clearly delegated in the act of incorporation or conferred by the general law if incorporated under a general law, or which arises by necessary implication out of some delegated power under the charter or under the general law under which such corporation exists. Miller v. Burch, 32 Texas, 210; Williams v. Davidson, 43 Texas, 33; Pye v. Peterson, 45 Texas, 313; Davis v. Burney, 58 Texas, 367; Waterbury v. Laredo, 60 Texas, 519; Vosburg v. McCrary, 77 Texas, 572; Ex parte Garza, 28 Texas Crim. App., 381.

If there is a reasonable doubt concerning the existence of a power in a municipal corporation, the rule of construction is that such doubt must be resolved by the courts against the corporation and the conclusion reached that such power does not exist.   Galveston v. Loonie, 54 Texas, 523; Williams v. Davidson, 43 Texas, 33.

In this connection it may be well to call attention to the further well known rule of construction that where a municipal corporation seeks to exercise a delegated power, it must do so with proper regard for such limitations and restrictions as are placed upon that power by the authority delegating the same, and it can be exercised in no other manner, nor to a greater extent than in and to that expressly conferred.   Cleburne v. Gulf C. & S. F. Ry. Co., 66 Texas, 461; Bryan v. Page, 51 Texas, 535.

Besides prohibition can only be had in this State in the manner and in the places and to the extent pointed out by the Constitution and the statutes enacted pursuant to section 20 of article 16 of the Constitution. Holley v. State, 14 Texas Crim. App., 505; Stallworth v. State, 16 Texas Crim. App., 345; Steele v. State, 19 Texas Crim. App., 425.

It is unconstitutional because it seeks to deal with a subject under a police regulation which has been for half a century in this State,

a matter of constitutional control and in a way disregardful of the Constitution. It is a subject which at all times must be treated with reference to the Constitution. See sec. 48 of art. 12, Constitution 1869, and sec. 20 of art. 16 of Constitution of 1876.

*F. J. McCord,* Assistant Attorney-General, for the State, and *V. H. Stark,* City Attorney, and *Holland & Holland,* for respondent.—By article 453—Sayles' Civil Statutes—97, the City of Orange had the right: "To abate and remove nuisances and to punish the authors thereof by penalties, fine and imprisonment and to *define* and *declare what shall be nuisances* and authorize and direct the summary abatement thereof."

By article 464, same statute, the City Council of the City of Orange have power to pass, publish, amend or repeal all ordinances, rules and police regulations not contrary to the Constitution of the State for the good government, peace and order of the city, etc. Cunningham v. City of Giffin, 33 S. S. E. Rep., 664, holds that under legislative power to protect morals, cities can prohibit sale of liquor. Ex parte Delaney, 43 Cal., 478; North Chicago C. Ry. v. Lake View, 105 Ill., 207; State v. Haines, 58 Pac. Rep., 39; Goddard v. Jacksonville, 15 Ill., 589; Swift v. People, 63 Ill., App., 453; In re Wilson, 19 N. W. Rep., 723; Harbaugh v. City of Monmouth, 74 Ill., 367; Ketterling v. City of Jacksonville, 50 Ill., 39; Northwestern Fert. Co. v. Village of Hyde Park, 97 U. S., 659; Brady v. Weeks, 3 Barb. (N. Y. S. C.), 159; Rhodes v. Dunbar, 57 Pa., 274.

BROOKS, Judge.—Relator was arrested under proper complaint issued out of the city court of the town of Orange, and charged with selling whisky in violation of an ordinance inhibiting the sale of whisky within certain prescribed limits of said town. The statement of facts shows that he violated said ordinance, if same is a valid ordinance, and authorized by the general incorporation act of this State. We held in the case of Ex parte William Smith, opinion delivered April 24, 1907, that this ordinance was invalid by reason of the fact that the general incorporation act does not authorize cities incorporated thereunder to establish saloon limits, and we held that the same cannot be established under the provisions of the general incorporation act, which declares a city can abate nuisances. There must be special authority in the general incorporation act authorizing said ordinance.

We, therefore, order relator discharged, after the payment of all costs in this behalf incurred.

*Relator discharged.*